HATTIE G. TAYLOR, APPELLANT, V. AXEL M. FLODMAN ET AL., APPELLEES.

FILED FEBRUARY 27, 1923. No. 22256.

**Equity:** ESTOPPEL. The syllabus in *Rehmeyer v. Lysinger, ante,* p. 805, applied in this case.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellant.

*John C. Martin,* contra.

Heard before MORRISSEY, C. J., DAY, ALDRICH and GOOD, JJ., TROUP, District Judge.

TROUP, District Judge.

This is a companion case with that of *Rehmeyer v. Lysinger, ante,* p. 805; the transaction growing out of the defalcation of Charles W. Wentz and his insolvent company at Aurora, Nebraska. The nature of the case and the pleadings and evidence herein are substantially the same as in the *Rehmeyer* case. The judgment of the court below was the same in this case as in that, and a similar judgment must be entered in this court. In one or two particulars the instant case presents a situation even more favorable to appellees than did the case referred to. We deem it neither necessary nor profitable

to discuss the evidence in detail. As in the *Rehmeyer* case, so in the present case, the issues resolve themselves into one of agency, the situation respecting which is simply this: The bond and mortgage, in the first instance, were made to W. C. Wentz, individually; that mortgage was duly recorded in the proper record in Hamilton county, where it remained throughout the life of the mortgage as the only claim upon the land in question. By the terms of the bond all payments of interest and the principal itself were made payable to the order of W. C. Wentz at the Wentz Company office; the mortgagor, or his subsequent grantees, received notice from Wentz, from time to time during the life of the mortgage, to call and make interest payments, which were regularly complied with, the payor receiving from Wentz the canceled coupons in return. The note gave the maker the right to pay $100 or any multiple thereof upon any interest date. Something like a week or more before the maturity of the obligation the defendant prepared to pay the same in full, and accordingly on February 24, 1920, caused a check to be sent through his bank for the sum of $530, the same being in full of the principal, $500, plus $30 for the last interest coupon, with request to execute and forward release of mortgage. Wentz received the cash upon this check and on February 26, 1920, credited plaintiff with full amount of collection in her account on the books of the company which account shows numerous transactions of a like character between plaintiff and the company for a period of over five years immediately previous. Wentz Company failed on March 17, 1920. On May 29, 1920, plaintiff filed her assignment of mortgage and commenced this suit, and then, for the first time, it transpired that plaintiff claimed to be owner of the mortgage and the first time that defendant ever knew there was such a person as the plaintiff in existence, full five years after she took her assignment and

more than three months after the mortgage debt had been paid in full.

For more than five years after plaintiff took the assignment of this mortgage, so far as the evidence discloses, not a soul knew of the transaction except plaintiff and Wentz, and no one could know anything about it except as one or the other of these two individuals imparted the information. The plaintiff uttered not a word to any one concerning it, nor did Wentz. . She kept her assignment from the public records, and thereby its very existence from the knowledge of defendant and the world. In the meantime that she made Wentz her agent to collect her interest and look after the mortgage matter for her stands admitted in the record. Under these circumstances, in the name of common sense and reason, why should plaintiff expect the mortgagor or any subsequent grantee to deal with any one but Wentz in the payment of the mortgage debt? *Kile v. Zimmerman* 105 Neb. 576, and cases cited in *Rehmeyer v. Lysinger, supra.* True, it is a hardship that plaintiff should suffer this loss. It is also true that it would be a hardship that defendant should suffer a like loss.

For the reason stated in *Rehmeyer v. Lysinger, supra,* the one whose negligence caused the injury should bear it. The decree of the lower court is in all things

AFFIRMED.